# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

LAWRENCE REVIS, JR.,

    Plaintiff,

           v.

T&A FARMS, TIMOTHY DALE DAVIS, ALPHINE DAVIS, and STACEY DINWIDDIE,

    Defendants.

No. 5:14-CV-88

## ORDER

Plaintiff Lawrence Revis, Jr.'s motion to disqualify Defendants' attorney, Huey Spearman, will be **DENIED**, but Spearman must file Defendants' waiver of his potential conflict of interest as to cross-examination of Sheila Smallwood ("Sheila"). Dkt. No. 86.

### Background

The Court assumes the truth of the facts Revis' motion alleges. Sheila divorced from her ex-husband on October 16, 2006, pursuant to an order prepared by Spearman, who was her attorney. Dkt. No. 86-1. While representing Sheila in the divorce, "Spearman learned confidential information about

[her] finances, relationships, children, character, education level, job history, and sexual history." Dkt. No. 86 at 7.

Spearman now represents Defendants, who are Revis' former employers, in this race-discrimination suit, which was filed October 28, 2014. Dkt. No. 1. Sheila will be a substantive witness in this case. Dkt. No. 86 at 2. On January 13, 2017, this Court denied Defendants' motion for summary judgment. Dkt. No. 82.

Revis filed the present motion on March 15, 2017. Dkt. No. 86. His attorneys just learned of Spearman's prior representation of Sheila, as Spearman did not disclose it to them, Defendants, or the Court, and Sheila herself did not know she could seek his disqualification. Id. at 2-3. Spearman responded by claiming he had no idea Sheila (whose name has changed) was his former client until the present motion. Dkt. No. 90 at 2. He denies knowing or remembering any confidential information about her that could be used here. Id. at 3.

**LEGAL STANDARD**

Motions to disqualify are governed by this Court's local rules and federal common law. Hermann v. GutterGuard, Inc., 199 F. App'x 745, 752 (11th Cir. 2006) (per curiam); see also Schlumberger Techs., Inc. v. Wiley, 113 F.3d 1553, 1561 (11th Cir. 1997) ("The court must clearly identify a specific Rule

AO 72A
(Rev. 8/82)

. . . applicable to the relevant jurisdiction and must conclude that the attorney violated that rule . . . ."). Local Rule 83.5(d) incorporates the Georgia Rules of Professional Conduct.

"[A]ny doubts as to the existence of a violation of the rules should be resolved in favor of disqualification." Jones v. InfoCure Corp., No. 1:01CV2845, 2003 WL 22149656, at *2 (N.D. Ga. May 13, 2003) (citation omitted) (alteration in original). But the movant "bears the burden of proving the grounds for disqualification," and "the mere appearance of impropriety is no longer grounds." Hermann, 199 F. App'x at 752; Herrmann v. GutterGuard, Inc., No. 1:04-CV-0365, 2005 WL 6076877, at *8 (N.D. Ga. Dec. 21, 2005) (Carnes, J.). Disqualification is disfavored, as it is "a harsh sanction, often working substantial hardship on the client, especially in cases . . . where extensive discovery and trial preparation have been completed." Norton v. Tallahassee Memorial Hosp., 689 F.2d 938, 941 n.4 (11th Cir. 1982). It "interferes with this choice of counsel and causes expense and delay that are costly both to the client and the administration of justice." Herrmann, 2005 WL 6076877 at *8. Hence, it is granted only "sparingly." Norton, 689 F.2d at n.4.

AO 72A
(Rev. 8/82)

## DISCUSSION

Revis' motion will be denied. He raises two Georgia Rules: 1.6 and 1.9. See generally Dkt. No. 86. Neither requires Spearman's disqualification, but Rule 1.6 does require Defendants' waiver of his use of confidential information in cross-examining Sheila.

**I. RULE 1.6 REQUIRES DEFENDANTS' WAIVER.**

Rule 1.6 does not require disqualification here, but rather, a waiver from Defendants. Rule 1.6(a) requires lawyers to "maintain in confidence all information gained in the professional relationship with a client." Revis argues that Spearman would violate Rule 1.6 by cross-examining Sheila, especially as to her credibility. Dkt. No. 86 at 5. This is certainly "a potential conflict of interest." Lightbourne v. Dugger, 829 F.2d 1012, 1023 (11th Cir. 1987) (per curiam) ("An attorney who cross-examines a former client inherently encounters divided loyalties."); see also Porter v. Wainwright, 805 F.2d 930, 939 (11th Cir. 1986) ("[Complainant] asserts that [his attorney] was forced to choose between discrediting his former client through information learned in confidence, or foregoing vigorous cross-examination . . . . If true, these assertions would suffice to demonstrate an actual conflict of interest."). But Defendants can retain Spearman even knowing that he "is precluded from using some potentially

critical information" in cross-examining Sheila. Herron v. Chisolm, No. CV412-041, 2012 WL 6645643, at *5 (S.D. Ga. Dec. 19, 2012). Such a waiver "must be an informed decision," so **"the Court will require [Spearman] to bring this matter to [Defendants'] attention and have them state in writing that they understand and accept the risk."** Id. (emphasis added).

**II. RULE 1.9 DOES NOT REQUIRE DISQUALIFICATION.**

Rule 1.9 does not require Spearman's disqualification, because the current action is not substantially related to Sheila's 2006 divorce. Rule 1.9(a) bars a party's previous attorney from "represent[ing] another person in . . . a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." Spearman was once Sheila's attorney, Defendants' interests are materially adverse to hers and Revis', and the Court will assume Sheila has not waived her objection.

Still, the present matter is not substantially related to the 2006 divorce. In deciding this, the Court looks to "the precise nature of the relationship between the present and former representations." Hermann, 199 F. App'x at 752 (citation omitted). Revis has to identify specific "subject matters, issues, and causes of action presented in former representation" so the Court can decide whether the

5

proceedings "have both material and logical connections." Cox v. Am. Cast Iron Pipe Co., 847 F.2d 725, 730 (11th Cir. 1988); Duvall v. Bledsoe, 617 S.E.2d 601, 605 (Ga. Ct. App. 2005); see also Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 646 F.2d 1020, 1032 (5th Cir. Unit B 1981), disavowed on other grounds by Gibbs v. Paluk, 742 F.2d 181, 185 (5th Cir. 1984) ("[The movant] must prove that [the attorney] has knowledge of the particular [things] which are the subject matter of [the present] suit.").

Revis has not carried this burden. He merely claims Spearman's cross-examination could "discredit or embarrass" Sheila by using "confidential information about Sheila['s] . . . finances, relationships, children, character, education level, job history, and sexual history." Dkt. No. 86 at 7. That is not enough, as is evident from Duvall v. Bledsoe, 617 S.E.2d 601 (Ga. Ct. App. 2005). There, the attorney had represented the movant—a doctor—in a divorce and the subsequent creation of a trust. Id. at 605. The attorney had "obtained information about [the movant's] personal finances." Id. But this was not enough to disqualify the attorney from representing a plaintiff suing the movant for medical malpractice and wrongful death. Id. at 603, 605. Disqualification in Duvall would have prevented the attorney from ever taking a case against the movant where damages were

sought, and this would "unduly curtail" parties' free selection of counsel. Id. at 605. Besides, there were other safeguards against the attorney's misuse of the movant's confidential information, including the possibility of disbarment. Id.

The Court sees clear parallels here. Spearman may well have learned confidential facts about Sheila from her divorce. But that is not enough to disqualify him from representing hers and Revis' opponents in this race-discrimination suit filed quite a few years later. Holding otherwise would severely limit parties' free choice of counsel, and besides, other disciplinary measures already bar Spearman from using any confidential information he found out during Sheila's divorce. "Since the same subject matter is not involved and the circumstances of representation did not grow out of an event that occurred during the time of [the earlier] representation," Spearman will not be disqualified. Knoxville Med. Inv., Ltd. v. Nat'l Healthcorp. L.P., 385 S.E.2d 110, 112 (Ga. Ct. App. 1989) (per Benham, J.).

## CONCLUSION

Plaintiff's Motion to Disqualify Defendants' Attorney, dkt. no. 86, is **DENIED**. However, Spearman will **FILE** with the Court within **7 days** of today's Order Defendants' written, informed waiver indicating that they understand and accept

O 72A
Rev. 8/82)

that he will not in any way, including for cross-examination, use any confidential information he acquired as Sheila's attorney. Defendants' Emergency Motion to Expedite Ruling on this motion, dkt. no. 91, is **GRANTED**. Defendants' Contingent Motion to Stay All Proceedings Pending Ruling on this motion, dkt. no. 92, is **DENIED as moot.**

**SO ORDERED**, this 21st day of March, 2017.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA