# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

LAWRENCE C. REVIS, JR.,

    Plaintiff,

v.

T&A FARMS; TIMOTHY DALE DAVIS; ALPHINE DAVIS; and STACY DINWIDDIE,

    Defendants.

CIVIL ACTION NO.: 5:14-cv-88

## O R D E R

Presently before the Court is Defendants' Objection to Plaintiff's Use of Sound Recordings at Trial. (Doc. 97.) For the reasons which follow, the Court **OVERRULES** Defendants' Objection.

## BACKGROUND

Plaintiff filed his Complaint against Defendants on October 28, 2014, and alleged he brought his cause of action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, for employment discrimination. (Doc. 1, p. 2.) Plaintiff asserted Defendants terminated his employment and denied him equal pay or work as acts of racial discrimination. (Id. at pp. 2–3.) Plaintiff filed an Amended Complaint on November 26, 2014, alleging employment discrimination under Title VII and discrimination under 42 U.S.C. § 1981. (Doc. 7, p. 2.) Plaintiff maintained Defendants subjected him to disparate treatment on the basis of his race. (Id. at p. 7.) Defendants filed their Answer to Plaintiff's Amended Complaint on February 9, 2015. (Doc. 18.)

On August 15, 2016, Defendants filed a Motion for Summary Judgment. (Doc. 67.) The Honorable Lisa Godbey Wood denied Defendants' Motion, in part, but found Plaintiff to have surrendered his Title VII claims against Defendants Alphine Davis and Dinwiddie. (Doc. 88, p. 11 n.6.) In making her determination, Chief Judge Wood considered evidence which appears to have originated from the recordings Plaintiff submitted in opposition to Defendants' Motion that Plaintiff claimed were of conversations John Smallwood[1] had with Defendant Timothy Davis. (Id. at pp. 6–9, 15–17.) Defendants have now moved to exclude Plaintiff from introducing these recordings as evidence. (Doc. 97.)

## DISCUSSION

Defendants assert that the sound recordings Plaintiff wishes to introduce during the trial of this case are unreliable and untrustworthy and have not been authenticated. (Id. at p. 3.) Specifically, Defendants request that Audio Recordings 1-4, 11-14, and 26-38, which are listed as Plaintiff's Trial Exhibits 7, 8, and 9, should not be used during the trial of this case. (Id. at p. 1.) Counsel for Defendants states that Plaintiff's counsel used these recordings during John Smallwood's deposition, over counsel's objection because these recordings were inaudible to him.[2] (Id. at p. 2.) In addition, Defendants assert Plaintiff's counsel noted during the deposition that an expert may be needed to decipher the recordings, if the parties so stipulate. (Id.)

---

[1] John Smallwood is the named Plaintiff in Case Number 5:14-cv-87.

[2] The numerical identification Defendants' counsel uses in this Objection do not coincide with the numerical identifications given for these recordings during Plaintiff John Smallwood's deposition. (Doc. 97, pp. 7–13.) In turn, those numerical identifications do not fully coincide with the identifications Plaintiff submitted to the Court in response to Defendants' Motion for Summary Judgment. (Docs. 73-7–73-12.) Because Defendants did not submit with this Objection the recordings they seek to have excluded at trial, the Court relies on the recordings Plaintiff submitted in opposition to Defendants' Motion for Summary Judgment, as well as the recordings that were filed in response to the summary judgment motion in John Smallwood's cause of action. Br., Smallwood v. T&A Farms, et al., 5:14-cv-86 (S.D. Ga. Oct. 24, 2016), ECF No. 71.

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Before a court can make a determination of the admissibility of an audio recording, "(1) the proponent of the proffered evidence must establish by other evidence that the matter offered is genuine and authentic and otherwise provide necessary foundational information[,] and (2) the recording must be audible[.]" United States v. Aisenberg, 120 F. Supp. 2d 1345, 1349 (M.D. Fla. 2000). The recording must be audible "both (a) in the sense that the listener can hear satisfactorily the words spoken and reliably distinguish them from other words that sound similar (and other sounds, not words, that sound like words)[,] and (b) in the sense that enough of the recording is distinguishable to permit the listener to reasonably determine the sense in which the words are used, i.e., the sense in which the speaker intended them." Id. "In other words, the word 'audibility' permits two somewhat different and confusing definitions. 'Audible' can mean simply that some sound or any part of some sound actually can be heard. On the other hand, 'audible' can mean that some sound or part of some sound can be heard sufficiently to permit the listener to ascertain with reasonable reliability the sense in which the speaker used any word or words that can be heard." Id. "The former is the ordinary meaning of 'audible.' The latter is the meaning of 'audible' in the legal sense. Trustworthiness or reliability is an elemental component of the term 'audible' within the contemplation of the law of evidence." Id. A "district court is required to exclude a recording only if the inaudible or unintelligible portions 'are so substantial as to render the whole recording untrustworthy.'" United States v. Sutherland, 656 F.2d 1181, 1200 (5th Cir. 1981); accord Sherman v. Burke Contracting, Inc., 891 F.2d 1527, 1533 (11th Cir. 1990).[3] "This determination

---

[3] In Sherman, the plaintiff introduced into evidence a tape recording of a conversation he had with the employer who fired him in an effort to prove that another party had caused plaintiff's termination. The

of reliability is left to the sound discretion of the trial judge." See id.; United States v. Pope, 132 F.3d 684, 688 (11th Cir. 1998).[4]

In order to introduce these recordings during the trial of this case, Plaintiff will, of course, need to authenticate these recordings. Fed. R. Evid. 901. In addition, Plaintiff will have to establish the purpose of his use of these recordings during trial. See Sherman, 891 F.2d at 1532–34. Defendants have not made any availing argument that Plaintiff will be unable to meet these basic requirements at trial. The recordings were apparently made by John Smallwood, and, therefore, Plaintiff can call John Smallwood to testify to authenticating information regarding their creation. As for the purpose for which Plaintiff will offer these recordings, Plaintiff will undoubtedly introduce them in an attempt to prove Defendants' allegedly racist and retaliatory motives. As Chief Judge Wood described in her Summary Judgment Order in John Smallwood's case, the voice which John Smallwood contends belongs to Defendant Timothy Davis repeatedly made racial epithets and retaliatory statements. Order, Smallwood v. T&A Farms, et al., 5:14-cv-87 (S.D. Ga. Jan. 13, 2017), ECF No. 81, p. 9 n.2 & pp. 11–12.

The question of audibility is a closer call. However, the recordings are not so poor to warrant their exclusion. The Court has listened to the recordings Plaintiff submitted in his Response to Defendants' Motion for Summary Judgment, (docs.73-7–73-12), and the recordings

---

recording was made without the former employer's knowledge. The defendant contended the trial court (which, incidentally, was this Court) erred in permitting the recording because the recording was inaudible and its contents were hearsay. The Eleventh Circuit Court of Appeals found no error in the trial court's admission of the recording as non-hearsay under Federal Rule of Evidence 801(d)(2) as an admission by a party-opponent and as impeachment evidence under Rule 801(c) after authentication under Rule 901. The Eleventh Circuit agreed with the trial court that the relevant portion of the recording was audible and probative. Sherman, 891 F.2d at 1532–34.

[4] In support of their Objection, Defendants' counsel cites to United States v. McMillan, 508 F.2d 101 (8th Cir. 1974), and states that McMillan sets forth "the rules prescribed for testing admissibility of recordings[.]" (Doc. 94, p. 3.) This Court discovered no case arising in the Eleventh Circuit which cites to McMillan.

4

John Smallwood submitted in his cause of action.  Br., Smallwood v. T&A Farms, et al., (S.D. Ga. Oct. 24, 2016), ECF Nos. 71-11–71-14, 71-16–71-21.  While some of these recordings are not entirely clear due to background noises, this does not render these recordings "inaudible", either by the common definition or by the legal definition.  Aisenberg, 120 F. Supp. 2d at 1349.  The contents of these recordings are probative of the issues before the Court.  Sherman, 891 F.2d at 1533.  Indeed, at least portions of these recordings have been accepted by this Court as evidence of a genuine dispute as to material facts to deny Defendants' Motion for Summary Judgment.  (Doc. 88, pp.6–9, 15–17); see also, Order, Smallwood v. T&A Farms, et al., 5:14-cv-87 (S.D. Ga. Jan. 13, 2017), ECF No. 81, pp. 11–12.  Defendants' counsel is free to attack the reliability of these recordings at trial and to cross-examine any witness as to these recordings.  However, the Court does not find these recordings to be "inaudible" or that any "unintelligible portions are so substantial as to render the whole recording untrustworthy."  Sutherland, 656 F.2d at 1200.  Accordingly, Plaintiff may introduce the audible portions of these recordings at trial.

## CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Defendants' Objection to Plaintiff's Use of Sound Recordings at Trial.  (Doc. 97.)  Plaintiff is permitted to introduce these recordings at trial, subject to his meeting authentication and other foundational requirements.

**SO ORDERED**, this 31st day of March, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA