# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

LAWRENCE C. REVIS, JR.,

    Plaintiff,

            v.

T&A FARMS, TIMOTHY DALE DAVIS, ALPHINE DAVIS, and STACEY DINWIDDIE,

    Defendants.

No. 5:14-CV-88

## ORDER

Plaintiff Lawrence C. Revis, Jr.'s motion to transfer venue and examine jurors will be **DENIED**, but his motion to submit voir dire questions will be **GRANTED**. Dkt. No. 105.

### Background

Plaintiff, Sheila Smallwood, and her husband John Smallwood are suing Defendants, their former employers, alleging race discrimination and retaliation. Nos. 5:14-CV-86 (S.D. Ga.), 5:14-CV-87 (S.D. Ga.), 5:14-CV-88 (S.D. Ga.). Their suits are being litigated in the Southern District of Georgia's Waycross Division.

John Smallwood's trial took place there on April 24-26, 2017. Dkt. Nos. 106-08, No. 5:14-CV-87 (S.D. Ga.). Of the

fourteen impaneled jurors, four were African-American. One was excused for cause with the consent of both parties. Three were stricken by Defendants. Dkt. No. 113, No. 5:14-CV-87 (S.D. Ga.). One was reinstated following John Smallwood's successful challenge under Batson v. Kentucky, 476 U.S. 79 (1986). Dkt. Nos. 106, 113, No. 5:14-CV-87 (S.D. Ga.). The jury unanimously reached a verdict finding Defendants not liable. Dkt. No. 117, No. 5:14-CV-87 (S.D. Ga.).

Plaintiff's trial is set for July 12, 2017. Dkt. No. 104. On May 15, 2017, his attorneys moved to transfer venue, examine jurors, and modify voir dire questions. Dkt. No. 105.

## LEGAL STANDARDS

### Transfer of Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). This decision is discretionary. Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 654 (11th Cir. 1993). The party seeking transfer of venue bears the burden of "establish[ing] that the suggested forum is more convenient." In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989) (per curiam). The court must first determine whether the action could have been brought in the suggested forum. Osgood v. Discount Auto Parts, LLC, 981 F. Supp. 2d

AO 72A
(Rev. 8/82)

1259, 1263 (S.D. Fla. 2013). Then, it must weigh "(1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice." Greely v. Lazer Spot, Inc., No. CV 411-096, 2012 WL 170154, at *2 (S.D. Ga. Jan. 19, 2012) (citation omitted). "[T]he fact that Plaintiff[ ] requested the transfer can be considered as one factor in favor of allowing a change of venue." Id. at *3.

**Examining Witnesses**

"As for . . . attorneys not being allowed to directly question the venire members, a district court has discretion about how to conduct voir dire, including whether to have counsel submit questions in writing." United States v. Hill, 643 F.3d 807, 831 (11th Cir. 2011).

**Voir Dire Questions**

> The court may permit the parties or their attorneys to examine prospective jurors or may itself do so. If the court examines the jurors, it must permit the parties or their attorneys to make any further inquiry it considers proper, or must itself ask any of their additional questions it considers proper.

Fed. R. Civ. P. 47(a). District courts have wide discretion in selecting voir dire questions, "subject to the essential demands of fairness." United States v. Bishop, No. 15-15406, 2017 WL 1208403, at *9 (11th Cir. Apr. 3, 2017) (per curiam). Voir dire "need only provide reasonable assurance that

AO 72A
(Rev. 8/82)

prejudice will be discovered if present." United States v. Hill, 643 F.3d 807, 836 (11th Cir. 2011).

**DISCUSSION**

This case will not be transferred to another venue. Plaintiff's attorneys will not be permitted to directly examine venire members. They will be allowed to submit voir dire questions.

Plaintiff has not carried his burden of showing the propriety of transfer. To be as gentle as possible, he has not come close to doing so. A transfer would not be convenient to the parties or witnesses, nor would it further the interests of justice. To the best of the Court's knowledge, the parties, witnesses, and evidence are all located within the Waycross Division's territory.

Plaintiff alleges that justice demands transfer because of two facts he brings forth regarding John Smallwood's trial. Plaintiff first complains that "[t]he jury was almost 95% Caucasian. In Waycross, alone, there are more African-Americans than there are Caucasian in population [sic] . . . ." Dkt. No. 105 at 5. This point is not convincing for at least three reasons. First, of the fourteen potential jurors empaneled for final questioning and strikes, 29% were African-American (four out of fourteen). A mutually agreed upon excusal for cause and two of Defendants' strikes are what

reduced that number. Second, Plaintiff's motion confuses the City of Waycross with the Waycross Division of the Southern District of Georgia. True, as was the case with John Smallwood, Plaintiff's trial will take place in a courthouse located within the City of Waycross; however, the jurors will be called not only from Ware County, where Waycross is located, but also from six other surrounding counties. 28 U.S.C. § 90(c)(4). Any contention that the racial composition of a single jury must mirror that of a single city in a seven-county division is simply wrong. Finally, and most obviously, it would be fantastically unjust and illegal to transfer this case in an effort to change the jury's racial makeup. Batson v. Kentucky, 476 U.S. 79, 85-86 (1986) ("[T]he defendant [has] the right to be tried by a jury whose members are selected pursuant to nondiscriminatory criteria. The Equal Protection Clause guarantees the defendant that the [government] will not exclude members of his race from the jury venire on account of race, or on the false assumption that members of his race as a group are not qualified to serve as jurors." (internal citations and footnote omitted)).

Plaintiff's second contention is equally unavailing, yet even more puzzling. He alleges that "the jury pool included prospective jury members that knew the defendants personally. . . . This is too coincidental that in a city populated with

more African-Americans (and selecting prospective jurors from surrounding cities) that the pool would include individuals that knew the defendants." Dkt. No. 105 at 5-6. Plaintiff appears to posit that members of one race should be more socially isolated as a result of a municipality neighboring their home being composed of a majority of citizens from another race. Such a position is without merit.

Plaintiff's effort to transfer this case boils down to his sense that John Smallwood should have had more African-American jurors for his trial. He has presented no evidence of an improper selection process, nor of race influencing the jury's decision. The Court cannot transfer this case across the state to tip the scales toward a different jury racial makeup. Plaintiff's request that this case be transferred is **DENIED**.

As for Plaintiff's request that his attorneys be permitted to conduct voir dire, this matter is within the Court's discretion. United States v. Hill, 643 F.3d 807, 831 (11th Cir. 2011). Plaintiff has presented no reason why this Court is incapable of conducting adequate voir dire. This request is **DENIED**. However, the Court will discretionarily **GRANT** Plaintiff's motion to file additional proposed voir dire questions.

## CONCLUSION

For these reasons, Plaintiff's Motion to Transfer Venue and to Modify Jury Questions and to Examine Jurors, dkt. no. 105, is **DENIED in part and GRANTED in part**. Plaintiff is **DIRECTED** to file any additional requested voir dire questions within **10 days** of today's Order.

**SO ORDERED**, this 17th day of May, 2017.

LISA GODBEY WOOD, DISTRICT JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA